AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Alabama

| | |
|---|---|
| United States of America<br>v.<br>Jonathan Stopplebein<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 3:14mj 106-TFM<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 14, 2014,__ in the county of __Chambers__ in the __Middle__ District of __Alabama__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 § 841(a)(1) | Possession with intent to distribute a controlled substance (Methamphetamine) |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Clint Lee, TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __07/18/2014__

_____
*Judge's signature*

City and state: __Montgomery, AL__          Charles S. Coody, U S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA


AFFIDAVIT IN SUPPORT OF ARREST WARRANT


I, Clint Lee, having appeared before the undersigned United States Magistrate, and having been duly sworn, deposes and states:

I am a Task Force Agent with the Drug Enforcement Administration assigned to the Montgomery Resident Office since 2009. I am a Prattville Police Officer and have been so for the past nineteen years. I have conducted many investigations involving drug distribution, drug possession and drug related crimes. I was also assigned to the General Crimes Unit of the Investigative Division of the Prattville Police Department for six years. I have conducted numerous investigations on property crimes and crimes of violence. As a member of the Prattville Police Department Special Operations Team, I have executed search warrants for controlled substances and high risk drug arrest warrants. I have received specialized training in narcotics investigations. I have attended various schools pertaining to drug enforcement, property crimes, and crimes of violence.

On July 14, 2104, I developed a confidential source (CS) who advised he/she was receiving methamphetamine from Greg LNU in Atlanta, Georgia. Your affiant has never used this individual as a CS in the past. Therefore, your affiant cannot attest to his/her previous activities as a confidential source. However, from my recent investigations, I am aware that this CS is very knowledgeable of methamphetamine trafficking activities in the Middle District of Alabama and elsewhere. This CS informed your affiant that he/she was receiving methamphetamine from a known source of supply in Atlanta, Georgia. Your affiant knows that this Atlanta source of supply has been providing methamphetamine to other known drug traffickers in the Middle District of Alabama. Your affiant has investigated cases involving this same Atlanta source of supply. Therefore, based upon the specificity of information previously known to your affiant, I have no reason to believe that this CS has been, or is being, untruthful or misleading to law enforcement.

On July 15, 2014, the CS advised your affiant that he/she was going to receive one pound of methamphetamine from the Atlanta source of supply. The CS had previously paid approximately $9,000.00 for this methamphetamine. Between July 15, 2014 and July 17, 2014, the CS and the Atlanta source of supply discussed delivery options to Alabama; and, the general readiness of the methamphetamine for distribution.

On July 17, 2014, the CS traveled to Exit 70 in Chambers County, Alabama. Exit 70 was the agreed location for the CS to take delivery of the methamphetamine. At approximately 5:30 PM,

CST, a grey Chevrolet truck arrived at Exit 70. The driver of the truck then met with the CS. During the meeting, the driver of the truck delivered a 12 pack of Coke that contained the methamphetamine. It was later discovered that the methamphetamine was hidden in the cardboard Coke dispenser. The driver of the truck was arrested upon delivery of the methamphetamine to the CS.

After his arrest, the driver of the truck was identified as Jonathan STOPPELBEIN from Atlanta, Georgia. STOPPELBEIN was read his Miranda warnings by SA Devin Whittle. STOPPELBEIN admitted to SA Whittle that his brother, Greg STOPPELBEIN, sent him to deliver the methamphetamine to the CS at Exit 70 in Alabama. Jonathan STOPPELBEIN admitted that he knew methamphetamine was hidden inside the Coke dispenser that he delivered to the CS.

On July 18, 2014, a field test was performed on a sample of the suspected methamphetamine and the test was positive for the presence of methamphetamine. The approximate weight of the suspected methamphetamine was 484.9 grams.

I know, based on my training and experience that persons who possess multiple ounce quantities of methamphetamine do not possess those amounts for personal use, but to distribute the methamphetamine.

Based on the experience and training of your affiant, it is his belief that probable cause exists to arrest Jonathan STOPPELBEIN for violations of Title 21, United States Code, Section 841 (a)(1), Possession with Intent to Distribute Methamphetamine. Further that the events occurred within the Middle District of Alabama.

Further your Affiant sayeth naught. I swear under penalty of perjury that the forgoing is true.

_____
CLINT LEE
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this 18th day of July, 2014.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE